47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rev. P.J. MYLES, Plaintiff-Appellant,
v.
William M. HATCHETT; Hatchett, Dewalt, and Hatchett Law
Firm, Defendants-Appellees.
 No. 94-1665.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge, and WEBER, District Judge.*
 
 ORDER
 
 2
 Reverend Myles, a pro se Alabama resident, appeals a district court judgment dismissing his legal malpractice and breach of contract lawsuit. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Reverend Myles, proceeding pro se, litigated the case of A-O.K. Constr. Co. v. Castle Constr. Co. through the Alabama courts. Apparently, on January 31, 1992, the Alabama Supreme Court entered a judgment against Myles in an amount over $150,000. On March 12, 1992, Myles consulted with Hatchett, a Michigan attorney, and entered into a written agreement regarding the filing of an appeal from the Alabama Supreme Court judgment to the United States Supreme Court; Hatchett was paid a $5,000 retainer. After reviewing all the documents sent to him by Myles, Hatchett ultimately advised Myles that no federal question existed in the A-O.K. state law contract case, that the United States Supreme Court would have no subject matter jurisdiction over the case, and, therefore, Hatchett advised against filing an appeal. Hatchett terminated his attorney-client relationship with Myles when communications broke down about this appeal and after Myles filed a pro se lawsuit in the federal district court for the Northern District of Alabama. Hatchett never filed an appeal of the A-O.K. case on behalf of Myles in the United States Supreme Court, or a new lawsuit in the federal district court for the Northern District of Alabama. Hatchett returned $3,500 of the retainer.
 
 
 4
 Myles then brought this lawsuit against Hatchett, claiming that Hatchett breached their contract by not filing an appeal to the United States Supreme Court in the case of A-O.K. Constr. Co. v. Castle Constr. Co. Myles further alleged that Hatchett's failure to file an appeal in the case was legal malpractice.
 
 
 5
 The district court held an evidentiary hearing in the case to determine if any issues of material fact existed to submit to a jury. The district court concluded that Myles had no breach of contract claim and no legal malpractice claim against Hatchett and dismissed the case with prejudice.
 
 
 6
 On appeal, Myles's pro se brief is construed as arguing those claims which he raised in the district court. He also argues that he was denied his constitutional right to a jury trial. He requests oral argument.
 
 
 7
 Upon de novo review, we conclude that the district court properly dismissed Myles's lawsuit. Summary judgment is proper if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Myles had no legal malpractice claim because he was unable to show that, but for Hatchett's alleged malpractice, Myles would have been successful in the underlying suit. Reinhart Co. v. Winiemko, 513 N.W.2d 773, 775-76 (Mich.1994). The United States Supreme Court would not have had jurisdiction over Myles's appeals dealing with his breach of contract case (A-O.K. Constr. Company v. Castle Constr. Co.) which only involved a state law claim. Furthermore, there was no breach of contract because after Hatchett reviewed the A-O.K. case, both parties agreed not to pursue an appeal to the United States Supreme Court. In light of these circumstances, there was no reason for the district court to proceed with a jury trial.
 
 
 8
 Accordingly, we deny Myles's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation